**In re Cynthia HINKLEMAN and Paul Hinkleman, Debtors.**

**Bankruptcy Nos. 91–32846, 90–33412.**

United States Bankruptcy Court, N.D. Ohio, Western Division.

June 24, 1997.

## *ORDER*

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court after Hearing on Show Cause as to Why the IRS Should Not Be Held in Contempt. From the arguments and discussions at the Hearing, this Court concludes that the IRS has not violated the discharge injunction by attempting to collect discharged debts.

The debtors in the two separate bankruptcy cases, Paul Hinkleman and his spouse, Cynthia Hinkleman, are understandably alarmed by the tax liability the IRS continues to assert against them for taxes, interest, and penalties relating to their failure to timely file their tax return(s) for 1985. Particularly upsetting to the Hinklemans is an additional assessment the IRS made concerning their 1985 tax liability as the result of their filing of a 1040 form in 1995. Though the IRS had previously assessed taxes for 1985, it became aware of additional unpaid taxes through the 1040 form filed in 1995. This tax was based upon additional income Mrs. Hinkleman received in 1985 when she "cashed in" a retirement account. The IRS assessed the Hinklemans for this new amount in December of 1995, including the interest and penalties that would accrue from April 15, 1986, when the tax was originally due. According to the IRS, this new assessment, combined with the interest and penalties and unpaid portion of their employment income taxes, leaves them with a present tax liability of around Thirteen Thousand Dollars ($13,000.00).

■ The Hinklemans are also concerned about the magnitude of the debt notwithstanding the fact that they have already made substantial payments to the IRS. This is apparently due to the accrual of interest and penalties. Though this may seem unfair, this Court cannot question the intention embodied interest and penalties. Though this may seem unfair, this Court cannot question the intention embodied in the Internal Revenue Code which requires that a taxpayer compensate the government for the use of the tax money not paid. It was undoubtedly contemplated that a taxpayer should not benefit from not paying taxes in a timely manner either by earning interest on the monies not paid to the IRS, or by avoiding paying interest on loans that were not taken by virtue the use of these monies. Though the interest rates during many of the years for which the Hinklemans' tax debt grew may have been high, so too would the interest have been on other debts the Hinklemans no longer had to maintain due to their ability to use the monies that should have been paid to the IRS. Though this Court is sympathetic to the Hinkleman's financial plight, similar arguments could be made by many, many taxpayers who nevertheless pay their taxes when due.

■ Even were this Court to consider the substitute returns filed by the IRS in 1989 and 1990 to be "returns" under the Bankruptcy Code, they would still have been filed within three years of the bankruptcy petition, and would therefore still be nondischargeable. Accordingly, the Hinklemans cannot show that the IRS has attempted to collect any discharged taxes because the 1985 tax liability was not discharged. Thus, the IRS should not be held in contempt, and this Court has no necessity or jurisdiction to determine the Hinklemans' tax liability.

Accordingly, it is

*ORDERED* that the IRS shall not be held in contempt in this case.